IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| C.S.B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:23-cv-73 (MTT) |
| ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This matter is before the Court on Plaintiff's Unopposed Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the following reasons, Plaintiff's motion for attorney fees (Doc. 16) is **GRANTED**.

## I. BACKGROUND

Plaintiff filed an application for Social Security disability benefits, which was initially denied by the Social Security Administration. Docs. 1; 8. Plaintiff successfully appealed the denial to this Court, which resulted in a remand for further administrative proceedings. Docs. 14; 15. She now seeks an award of attorney fees in the amount of $7,834.27 for 32.02 hours expended in litigating this case pursuant to 28 U.S.C. § 2412. Docs. 16; 16-1.

## II. DISCUSSION

Under the EAJA, a prevailing party in a civil action against the United States is entitled to an award of attorney fees unless the Court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.  *See* 28 U.S.C. § 2412(d)(1)(A).

In this case, Plaintiff is the prevailing party because the Court reversed the Commissioner's decision and remanded the case for further proceedings.  Docs. 14; 15.  The Commissioner has not opposed Plaintiff's request for attorney fees, and therefore the Commissioner has not met the burden of proving that the position of the United States was substantially justified or that special circumstances make an award unjust.  Plaintiff filed the instant motion for attorney fees within the 30-day period following the entry of final judgment as required by 28 U.S.C. § 2412(d)(1)(B).  Docs. 15; 16.  Finally, the requested hours appear to be within a reasonable range, and the rate requested by Plaintiff, $244.67 per hour, appears to comport with this Court's CPI formula established in *Hartage v. Astrue*, No. 4:09-cv-48, 2011 WL 1123401 (M.D. Ga. Mar. 24, 2011).  Docs. 16-3; 16-4.  Thus, the Court finds that these amounts are reasonable and consistent with the standards set forth in 28 U.S.C. § 2412(d)(2)(A).

For the foregoing reasons, Plaintiff's Unopposed Motion for Attorney Fees (Doc. 16) is **GRANTED**.  Plaintiff is awarded attorney fees in the amount of $7,834.27.  The

award of fees shall be made payable to Plaintiff, subject to any applicable offset.[1]  See *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

    **SO ORDERED**, this 28th day of August, 2024.

                                                  <u>S/ Marc T. Treadwell</u>
                                                  MARC T. TREADWELL, JUDGE
                                                  UNITED STATES DISTRICT COURT

---

[1] The Supreme Court has clarified that an award of attorney fees under the EAJA is payable to the litigant and is subject to an offset for any pre-existing debt that the litigant owes to the United States.  *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).